UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Bettie Perry and Jason Perry | ) |
| | ) Case No. |
| Plaintiffs, | ) |
| | ) Section: |
| vs. | ) |
| | ) **COMPLAINT** |
| Occidental Fire and Casualty Company of North Carolina | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Bettie and Jason Perry (hereinafter referred to as "Plaintiffs" or "the Perrys"), persons of full age and majority and domiciled in the Parish of St. John the Baptist, State of Louisiana, and respectfully represent:

1. The jurisdiction of this court is invoked under 28 U.S.C. Section 1332, commonly known as the diversity of citizenship, as the parties are diverse, and the controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

2. Made Defendant herein is:

   A. **OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA** (hereinafter referred to as "Occidental"), a foreign insurance company, authorized to do and doing business in the Parish of St. John the Baptist, State of Louisiana. At all pertinent times herein, Occidental provided windstorm coverage to the Perrys for the

property located at 136 Belle Grove Drive, Laplace, Louisiana (also referred to herein as the "Insured Property").

## WINDSTORM INSURANCE CLAIM

3.      Plaintiff hereby incorporates paragraphs 1 through 2 above by reference as if fully set forth herein.

4.      On or about March 26, 2021, Plaintiffs became insured policy holders under a certain policy of windstorm insurance issued and/or underwritten by Occidental.

5.      Plaintiffs further allege that, under the terms and provisions of the said insurance policy, further identified as Policy No. LAP532499500 (the "Windstorm Policy"), the Plaintiffs became entitled to coverage against certain perils associated with storms, including but not limited to hurricanes, in the event that the buildings, structures, and contents owned by the Plaintiffs, located at 136 Belle Grove Drive, should become damaged or rendered a total loss as a result of impact or injury suffered as a result of such insured perils.

6.      Plaintiffs further allege that, at all times relative to this complaint, the said Windstorm Policy of insurance was in full force and effect, the annual premium having been paid in full.

7.      Under the terms and provisions of the Windstorm Policy, the maximum benefit payable in the event of an insured loss under the subject policy was $295,000 for Dwelling; $5,900 for Other Structures; $118,000 for Personal Property; and $59,000 for Loss of Use; *inter alia*.

8.      On the morning of August 29, 2021, Hurricane Ida approached the Gulf Coast bringing with it extremely destructive winds which were documented to be most intense

along the eastern sides of the storm. The storm first made landfall in southeast Louisiana near Port Fourchon, Louisiana at approximately 11:55 CDT with maximum sustained wind speeds of 150 mph (130 knots) and a minimum central pressure of 930 millibars (27.46 inches), as shown by NOAA satellite and radar imagery. The sustained winds and peak wind gusts recorded by the National Weather Service in the areas closest to the Insured Property were 241.7 miles per hour (210 knots) and 241.7 miles per hour (210 knots) respectively. Moreover, the storm spawned 35 documented tornados in Alabama, Louisiana, Maryland, Mississippi, New Jersey, Pennsylvania and Virginia. Plaintiffs allege that their buildings, structures, and contents were substantially damaged and devastated as a result of the winds and wind driven debris associated with Hurricane Ida which tore through the insured property.

9. Within days after Hurricane Ida made its landfall, Plaintiffs registered a claim with Occidental for the windstorm loss as a result of the damage to their buildings, structures, and contents. There ensued thereafter a period of supposed analysis and adjustment of the windstorm claims of the Plaintiffs. Occidental acknowledged its responsibility to pay to the Plaintiffs a sum of money to compensate them for their losses sustained as a result of wind related damage associated with the storm and which were compensable under the Windstorm Policy. Ultimately, Occidental made a partial payment of the claim. Occidental has thus recognized its responsibility to make payments under the policy and the formula by which those payments are to be calculated. However, the claims of the Plaintiffs have been underpaid due to the fact that Occidental has acted in bad faith and improperly adjusted the damages to the subject buildings, structures, and contents while simultaneously both under-evaluating the costs to repair the buildings and

structures and under-evaluating the effects of the wind on the structures in causing the damages suffered by Plaintiffs.

10. An appropriate Proof of Loss form has been executed and presented to Occidental in accordance with the terms and provisions of the Windstorm Policy.

11. Occidental has failed and refused to honor the terms and provisions of the subject contract of insurance, and in doing so, has breached the subject contract of insurance.

12. Occidental delayed, denied and refused full payment of the claim within sixty (60) days of receipt of the Proof of Loss, and that delay, denial and refusal was arbitrary, capricious and without probable cause.

13. As a proximate consequence of the above-described breach of contract by Occidental, the Plaintiffs have suffered damages in that the claims for full, fair, and just compensation to the full extent of their actual losses have not been paid. Instead, Occidental made a measly tender payment and has failed and refused to make additional payments, even though the Plaintiffs have afforded Occidental ample opportunity to reassess and reevaluate its position.

14. Occidental has acted in bad faith when it arbitrarily, capriciously and without probable cause refused to pay Plaintiffs for the damages to the home and its contents, and therefore, as a result, Plaintiffs are entitled to penalties, damages, and attorneys' fees pursuant to LSA-R.S. 22:1973 and LSA-R.S. 22:1892, et seq. as promulgated by the Louisiana State Legislature.

## COUNT I
## DECLARATORY RELIEF – WIND

15. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 14 herein.

16. The Windstorm Policy insures against direct physical loss of or damage to covered property resulting from windstorm, unless otherwise excluded. None of the exclusions in the Windstorm Policy apply to preclude coverage for the wind-related damages submitted for coverage under the Windstorm Policy.

17. Pursuant to the terms of the Windstorm Policy, coverage is provided for the wind-related damages that are included in Plaintiffs' Proof of Loss, however, Occidental has refused to pay Plaintiffs for the full amount of wind-related losses submitted as a part of the Proof of Loss, and, therefore, there presently exists an actual controversy between Plaintiffs and Occidental concerning whether Plaintiffs' loss is covered to the full extent of the Proof of Loss submitted.

18. Plaintiffs seeks a declaration that Occidental is obligated to pay their claim loss and damages up to the full extent of the submitted Proof of Loss, less any applicable deductible amount.

## COUNT II
## BREACH OF CONTRACT – WIND

19. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 18 herein.

20. Pursuant to the terms and conditions of the aforementioned Windstorm Policy, Occidental is obligated to pay Plaintiffs for their Hurricane Ida loss up to the full

extent of their submitted Proof of Loss for wind-related damages, minus any applicable deductible amount.

21. Plaintiffs provided timely notice of their loss to Occidental, which has, contrary to the terms of its policy, refused to pay for all wind-related damages, which are within the limits of the available coverage. As a result of Occidental's breach of the Windstorm Policy, Plaintiffs have and will incur substantial costs that they would not otherwise have had to incur.

22. By reason of the foregoing, Occidental is liable to Plaintiffs for breach of contract and damages, the exact amount to be proven at trial, including, but not limited to, the amount of Plaintiffs' loss and damages covered under the Windstorm Policy above any applicable deductible, together with attorneys' fees, costs, penalties and disbursements under applicable law that have been incurred to date and which may be incurred by Plaintiffs in connection with prosecution of this lawsuit to recover insurance.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING – WIND

23. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 22 herein.

24. In selling the Windstorm Policy to Plaintiffs and collecting substantial premiums from such coverage, Occidental assumed a duty of good faith and fair dealing towards Plaintiffs. Occidental is required to give the same consideration to Plaintiffs' interests as it affords its own interests. The Windstorm Policy includes an implied promise that Occidental would deal fairly and in good faith with Plaintiffs and would do nothing to injure, frustrate or interfere with Plaintiffs' rights to receive the benefits of the Windstorm Policy.

Case 2:23-cv-04829-BWA-DPC    Document 1    Filed 08/29/23    Page 7 of 10

25. Occidental has breached its duty of good faith and fair dealings to Plaintiffs as hereinabove set forth in one or more of the following respects by:

    a. unjustified and unreasonable withholding of benefits due under the Windstorm Policy. Occidental does not have a good faith basis to deny coverage for Plaintiffs' wind-related damages as set forth in their Proof of Loss. As a result of Occidental's refusal to pay the Proof of Loss amount, Occidental not only is delaying claims adjustment and payment for Plaintiffs' damage, but it is also unreasonably compelling Plaintiffs to expend resources in coverage litigation;

    b. willfully and in breach of its duty of good faith, interpreting the factual circumstances and claim submission to resolve against Plaintiffs and in favor of its own interests;

    c denying Plaintiffs insurance coverage on the basis of the size and kind of claim or other external considerations, rather than on the particular facts of Plaintiffs' claim;

    d. compelling Plaintiffs to initiate this case to obtain insurance coverage to which Plaintiffs are entitled under the Windstorm Policy.

26. Louisiana's statute on unfair trade practices, LSA-R.S. 22:1973 prohibits unfair claims settlement practices in the business of insurance and provides that "[a]n insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." LSA-R.S. 22:1973 (A). An insurer's actions in

7

"[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue," "[f]ailing to pay the amount of any claim due any person insured within sixty days after receipt of a satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause," and "[f]ailing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause," are included in the statutorily defined acts constituting a breach of the duty of good faith and fair dealing. LSA-R.S. 22:1973(B)(1, 5, 6).

27. Occidental's actions, as set forth above, are without any reasonable justification, were undertaken in bad faith, and constitute a breach of Occidental's duty of good faith and fair dealing.

28. As a direct and proximate result of Occidental's bad faith acts, Plaintiffs have sustained and will sustain actual damages, including, but not limited to, legal fees and costs.

29. Occidental's conduct is willful, intentional and malicious, and demonstrates a gross and reckless disregard for the interests of Plaintiffs as its insureds and renders Occidental liable to Plaintiffs for exemplary damages.

WHEREFORE, the Plaintiffs, Bettie and Jason Perry, demand judgment against Occidental as follows:

A. That the Court determine and declare that Occidental must pay Plaintiffs for their wind-related damages as set forth in their Proof of Loss, less the applicable deductible;

B. That Occidental be held contractually obligated to pay Plaintiffs the amount of damages sustained for their wind-related loss above the applicable deductible;

C.  That Plaintiffs have and recover damages related to Occidental's breaches of the duty of good faith and fair dealing, the exact amount to be proven at trial, including exemplary damages and legal fees and costs and interest; and

D.  That Plaintiffs have and recover pre-judgment and post-judgment interest, attorneys' fees, costs, penalties and disbursements incurred in this action under applicable law, together with such other and further relief as the Court may deem just and proper.

Date: August 29, 2023                    Respectfully submitted,

**SEAN REGAN LAW**

*/s/ Sean M. Regan*
_____
Sean M. Regan (Bar No. 36748)
4919 Canal Street, Suite 304
New Orleans, LA 70119
T: 504-888-7777
F: 504-515-0286
E: sean@sreganlaw.com

And

**THE KRELLER LAW FIRM**

*/s/ Stephen Skelly Kreller*
_____
Stephen Skelly Kreller (Bar No. 28440)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

And

**BONIN LAW FIRM**

*/s/ Alexandre E. Bonin*
_____
Alexandre E. Bonin (Bar No. 31054)
R. Christian Bonin (Bar No. 34865)

Jean-Marc Bonin (Bar No. 36804)
4224 Canal Street
New Orleans, LA 70119
T: (504) 586-0064
F: (504) 488-4114
E:

And

**KENNETH C. BORDES, ATTORNEY AT LAW, LLC**

*/s/ Kenneth C. Bordes*
_____

Kenneth C. Bordes (Bar No. 35668)
4224 Canal Street
New Orleans, LA 70119
T: (504) 588-2700
F: (504) 708-1717
E: kcb@kennethbordes.com

***Attorneys for Plaintiffs, Bettie and Jason Perry***


Please serve defendant as follows:

**Occidental Fire and Casualty Company of North Carolina**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

10